Ex parte Amy, Petitioner and Appellant, and The People,
Contestant and Respondent.

Appeal from the District Court of Guayama in *Habeas Corpus*
Proceedings.

No. 640.—Decided March 27, 1914.

Habeas Corpus—Transcript of Record—Appeal—Presumption.—When, as in
the present case, the record brought up to this court in an appeal from a
decision denying a writ of *habeas corpus* is composed only of the petition,
the order of the court granting the writ, the warrant issued to the warden
of the jail to produce the petitioner, the return of the marshal thereon, the
decision denying the petition, the notice of appeal and the bond for the
release of the prisoner, this court lacks the necessary data to determine
whether the imprisonment of the petitioner is unlawful and therefore it must
be presumed that the judgment under which he is imprisoned is lawful.

Id.—Appeal—Evidence.—In an appeal in *habeas corpus* proceedings this court
cannot consider the original record of a proceeding against the petitioner
when the said record is sent up by the secretary of the lower court stating
that the same had been offered in evidence during the hearing on the *habeas
corpus* proceedings, but without the certificate of the trial judge that said
record was offered in evidence and when the secretary fails to state that the

record was admitted in evidence by the court and when the said record is not complete because it does not include the oral testimony which it appears was introduced at the trial.

The facts are stated in the opinion.

*Mr. F. Cervoni Gely* for appellant.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

Alfredo Amy filed a petition for a writ of *habeas corpus* in the District Court of Guayama for the purpose of regaining his liberty of which he had been deprived under a judgment sentencing him to two days'· imprisonment and to pay a fine of $200 for contempt. He alleged that the said judgment was unlawful because the court exceeded its jurisdiction in rendering the same for the reasons that he was not bound to obey the summonses he was punished for disobeying because they were not issued and served according to law, and that the proceedings for contempt were not initiated by a sworn complaint. The writ having been issued and a hearing had, the lower court denied the petition and the present appeal was taken from that decision.

The record submitted to us for the decision of this appeal is composed of the petition, the order of the court granting the writ, the warrant issued to the warden of the Guayama jail to produce the prisoner, the return of the marshal thereon, the decision of the court denying the petition, the notice of appeal and the bond for the release of the prisoner. With such a record we have not the data to enable us to decide whether the imprisonment of the appellant is unlawful, as he claims. We only know that when he presented his petition for a writ of *habeas corpus* he was suffering imprisonment under a judgment for contempt, but we do not know the reasons therefor nor the nature of the proceedings from which the sentence resulted. One who alleges that his imprisonment is unlawful must furnish the courts of justice with the elements necessary to enable them to decide that

he is imprisoned unlawfully; otherwise it must be presumed that the sentence under which he is imprisoned is lawful.

It is true that in addition to the proceedings enumerated above, the secretary of the lower court sent up to this court the proceedings followed against Alfredo Amy for contempt and stated that the same had been offered in evidence during the hearing on the writ of *habeas corpus,* but the judge and not the secretary is the official authorized by law to certify to the evidence introduced at the trial. Besides, he does not state that the same were admitted in evidence by the court, nor are they complete, for it may be deduced therefrom that oral testimony was introduced of which there is no showing in the record. Therefore, we cannot consider said proceedings in deciding this appeal.

Therefore, as we have no grounds on which to decide whether the imprisonment of the appellant is unlawful, we must affirm the decision appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.